IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


AUSTIN McCASTLER,
      Plaintiff,

vs.                                    Case No. 3:08cv546/MCR/EMT

STATE OF FLORIDA, et al,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon Plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20).  Leave to proceed in forma pauperis has been granted (Doc. 6).

      Because Plaintiff proceeds in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923

(11th Cir. 1997). For the reasons given below, upon review of the second amended complaint, the court concludes that dismissal of this matter is warranted.

Plaintiff names four Defendants in this action: Attorneys Harry Stopp, Jr., and William B. Richbourg; Escambia County Circuit Judge Michael G. Allen; and Assistant State Attorney C. Lee Robinson (Doc. 20 at 1–2).[1] According to the allegations of the second amended complaint, Attorney Stopp represented Plaintiff in a criminal prosecution in state court in August 2005 on the charge of "habitual traffic offender driving while license suspended." Attorney Richbourg represented Plaintiff in filing a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Judge Allen presided over Plaintiff's criminal trial, and Assistant State Attorney Robinson prosecuted the case for the State of Florida (*id.* at 5–6b). Plaintiff reports that a jury convicted him of the offense with which he was charged and that he was sentenced to a seven-year term of imprisonment (*id.* at 6). Plaintiff apparently alleges that Attorney Robinson violated his rights by charging Plaintiff as an habitual offender, using evidence to enhance Plaintiff's sentence that was not part of the trial record, and impeaching a defense witness; Judge Allen "collaborated" with Assistant State Attorney Robinson with respect to these violations; Attorney Stopp provided ineffective assistance of counsel for failing to prevent or object to the violations; and Attorney Richbourg guaranteed that Plaintiff would prevail on his Rule 3.850 motion, resulting in Plaintiff's sentence being reduced, but then refused to return Plaintiff's $4,000.00 retainer when the motion in fact failed. Asserting that Defendants' actions violated the Fifth, Sixth, and Fourteenth Amendments, Plaintiff seeks as relief $8,000,000.00 in damages.

First, Plaintiff's claims against Judge Allen and Assistant State Attorney Robinson should be dismissed because each of these Defendants is absolutely immune from suit.[2] In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was

---

[1] All pages numbers are as Plaintiff assigned them in the second amended complaint.

[2] As discussed below, the court recommends dismissal of this action on ripeness grounds pursuant to the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Nevertheless, the Eleventh Circuit has indicated that courts should address absolute immunity issues as a preliminary matter when dismissing a § 1983 action on ripeness grounds under Heck, in order to protect a defendant who is absolutely immune from future suit on the particular facts alleged. *See* Abella v. Rubino, 63 F.3d 1063, 1065, n.3 (11th Cir. 1995) (citing Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)).

acting in his judicial capacity unless he acted in the "'clear absence of all jurisdiction.'" <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978) (quotation omitted); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084–85 (11th Cir. 1996) (same).  A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction.  <u>Stump</u>, 435 U.S. at 356.  The facts alleged by Plaintiff regarding Judge Allen reflect that the first prong of the <u>Stump</u> immunity test, which requires a judge to have acted in his judicial capacity, is met.  Moreover, the facts as alleged by Plaintiff do not suggest that Judge Allen acted in the "'clear absence of all jurisdiction.'" <u>Simmons</u>, 86 F.3d at 1085 (quoting <u>Stump</u>, 435 U.S. at 357).  Rather, the contrary is true.  Thus the second prong of the <u>Stump</u> immunity test is also satisfied.  Accordingly, Judge Allen is entitled to absolute judicial immunity from Plaintiff's claim for damages against him, which should be dismissed as frivolous and for seeking monetary relief against a defendant who is immune from such relief.

A prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the government.  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272–73, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993).  He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." <u>Malley v. Briggs</u>, 475 U.S. 335, 343, 106 S. Ct. 1092, 1097, 89 L. Ed. 2d 271 (1986).  This immunity encompasses acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430–31, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985).  In this case, Assistant State Attorney Robinson's allegedly unlawful acts occurred during Plaintiff's criminal trial while he was acting as an advocate for the State.  Thus this Defendant is due to be granted absolute immunity from damages, and Plaintiff's damages claims against him should be dismissed as frivolous and for seeking monetary relief against a defendant who is immune from such relief.

Second, dismissal of this action, which in its entirety challenges the propriety of Plaintiff's criminal conviction and actions taken by Plaintiff's counsel, presiding judge, and prosecutor in connection with Plaintiff's criminal trial, is warranted based upon the Supreme Court decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  The Court in <u>Heck</u>

stated that an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372; *see also* Harden v. Pataki, 320 F.3d 1289, 1294 (11th Cir. 2003). Absent such an invalidation, the § 1983 suit must be dismissed. Heck reaffirmed the Supreme Court's statement in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label a plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982).

As the court previously advised Plaintiff (*see* Doc. 17), his claims effectively sound in habeas corpus. Although given the opportunity by the court to specify what, if any, actions he has taken to appeal his conviction, Plaintiff alleges in the second amended complaint only that his Rule 3.850 motion was denied. He thus has failed to allege that the conviction at issue in this case has been invalidated through the filing of a habeas petition under § 2254. In light of Heck's "favorable termination requirement" in a § 1983 action, which in this case Plaintiff has not shown, *see* Harden, 320 F.3d at 1294, the court concludes that this case should be dismissed with prejudice for failure to state a claim upon which relief may be granted. *See* Abella, 63 F.3d at 1065 (affirming the dismissal with prejudice of a claim barred by Heck).

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants Escambia County Circuit Judge Michael G. Allen and Assistant State Attorney C. Lee Robinson be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), as frivolous and for seeking monetary relief against a defendant who is immune from such relief.

2. That Plaintiff's action be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 23rd day of September 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).